UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VESTER L. PATTERSON, | No. 2:16-cv-0719 AC P |
| Plaintiff, | |
| v. | ORDER |
| JOHN CLARK KELSO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se with a tort action. Currently before the court are defendant's motions to dismiss or in the alternative grant summary judgment (ECF Nos. 3, 7, 16) and motion to strike the second amended complaint (ECF No. 14) and plaintiff's motion to remand (ECF No. 11), motion for preliminary injunction (ECF No. 17), and motion to amend (ECF No. 22). The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). ECF Nos. 3-3, 9.

I.   Procedural History

On April 6, 2016, defendant Kelso removed the complaint, which alleged claims for "general negligence" and "intentional tort," from the Sacramento County Superior Court to this court. ECF No. 1. Defendant Kelso, who was appointed by the United States District Court for the Northern District of California as the Receiver for the California prison medical healthcare system, removed the case pursuant to 28 U.S.C. § 1442(a)(1) and (3). Id.; Plata v.

Schwarzenegger (Plata), 3:01-cv-01351 THE, ECF No. 1063 (N.D. Cal. Jan. 23, 2008).

After removing the complaint, defendant Kelso moved for dismissal.  ECF No. 3.  As permitted by Federal Rule of Civil Procedure 15(a)(1)(B), plaintiff timely filed a first amended complaint (ECF No. 6) which defendant moved to dismiss (ECF No. 7).  Plaintiff then proceeded to file a motion to remand the case to state court (ECF No. 11) and a second amended complaint (ECF No. 13).  Defendant has opposed the motion to remand (ECF No. 15) and filed motions to strike (ECF No. 14) and dismiss (ECF No. 16) the second amended complaint.  Plaintiff has also filed a motion to amend the complaint.  ECF No. 22.  Finally, plaintiff filed a motion for preliminary injunctive relief (ECF No. 17) for which defendant seeks clarification as to whether he must respond in light of the pending motions to dismiss and alternatively requests an extension of time to respond (ECF No. 18).

II.     Motion to Remand

Plaintiff moves to remand this case back to state court on the ground that it does not contain any constitutional claims.  ECF No. 11.  Defendant opposes the motion on the ground that the complaint was properly removed under 28 U.S.C. § 1442(a)(1), (3).  ECF No. 15.

In creating the receivership, the Northern District ordered that "[t]he Receiver and his staff shall have the status of officers and agents of this Court."  Plata, ECF No. 473 at 6 (N.D. Cal. Feb. 14, 2006).  Section 1442 provides that

> [a] civil action . . . that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) . . . [A]ny officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> . . .
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties.

28 U.S.C. § 1442(a)(1), (3).

> "[A] receiver is an officer of the courts of the United States . . . ." Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co., 644 F.2d 1310, 1312 (9th Cir. 1981). "The requirement of 'any act under color of such office' has been construed as requiring a causal connection between the charged conduct and the official authority." Id. at 1313. That connection is established where the challenged conduct involves actions "entrusted" to the receiver "in his capacity as receiver." Gay v. Ruff, 292 U.S. 25, 33, 39, 54 S. Ct. 608, 78 L.Ed. 1099 (1934).

Med. Dev. Int'l v. Cal. Dept. of Corr. and Rehab., 585 F.3d 1211, 1216 (9th Cir. 2009) (alteration in original). In other words, removal under § 1442 is proper where the claims are related to defendant's performance of his court-appointed duties. Id. (Receiver of the California prison healthcare system properly removed complaint under § 1442). Plaintiff's allegations that defendant has been negligent in the performance of his duties as Receiver clearly establish the required causal connection and removal in this case was proper. Plaintiff's motion to remand will therefore be denied.

    III.    <u>Operative Complaint</u>

After defendant moved to dismiss the original complaint, plaintiff filed a first amended complaint within twenty-one days of service, which the Federal Rules permit as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012). "[A]fter amendment the original pleading no longer performs any function." Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Loux, 375 F.2d at 57)). Because plaintiff's original complaint has been superseded by the first amended complaint, defendant's motion to dismiss the original complaint is denied as moot.

After defendant moved to dismiss the first amended complaint (ECF No. 7), plaintiff filed a second amended complaint (ECF No. 13). However, Rule 15 permits amendment as a matter of course only once. Fed. R. Civ. P. 15(a)(1). After that, amendment may only be made "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendant has moved to strike the second amended complaint on the grounds that he has not consented to the

3

amendment and that the court has not given plaintiff leave to amend.  ECF No. 14.  Defendant has also filed a motion to dismiss the second amended complaint in the event the court chooses to allow it to go forward.  ECF No. 16.

The court will grant defendant's motion to strike the second amended complaint because plaintiff did not obtain defendant's consent or leave of the court before filing the amended complaint.  Furthermore, the second amended complaint does not cure the deficiencies in the first amended complaint, as will be addressed below.  Because the motion to strike the second amended complaint is being granted, defendant's motion to dismiss the second amended complaint will be denied as moot.

Plaintiff has also filed a motion to amend.  ECF No. 22.  It is unclear whether the motion is intended to belatedly accompany the second amended complaint or whether plaintiff is seeking leave to file a third amended complaint.  In either case, the motion will be denied.  If plaintiff is seeking authorization for his second amended complaint, the motion is denied because the second amended complaint does not cure the defects in the first amended complaint.  If plaintiff is seeking leave to file a third amended complaint, the motion is denied because plaintiff has not lodged a copy of the proposed amended complaint and, as discussed below, the court finds that leave to amend would be futile.

For these reasons, the first amended complaint is the operative complaint and the court will deny plaintiff's motion to amend and rule on defendant's motion to dismiss the first amended complaint.

IV.     Plaintiff's Allegations

Plaintiff alleges that as Receiver of the California Department of Corrections and Rehabilitation's (CDCR) medical delivery component, defendant has a duty to supervise medical staff and ensure they are providing constitutionally adequate medical care.  ECF No. 6.  He further alleges that defendant has been negligent in reviewing inmate appeals and in his hiring and retention of medical personnel.  Id. at 2.  This negligence has allegedly resulted in plaintiff "suffering pain, inability to sleep, mental anguish, nerophaty [sic] pain, and liver damage."  Id.
////

V.  Motion to Dismiss

Defendant moves to dismiss the complaint or alternatively requests that he be granted summary judgment. ECF No. 7. Because the court relies only upon facts contained within the pleadings or properly subject to judicial notice, the motion will be considered as a motion to dismiss rather than as a motion for summary judgment. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (quoting MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) ("[I]t is proper for the district court to 'take judicial notice of matters of public record outside the pleadings' and consider them for purposes of the motion to dismiss.")); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citing Fed. R. Evid. 201(b)(2) ("[A] court may take judicial notice of its own records in other cases.")).

    a.  Legal Standards Governing Motion to Dismiss

        i.  Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint on the ground that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.

> A Rule 12(b)(1) jurisdictional attack may be facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

Defendant in this case argues that plaintiff has not alleged compliance with the Federal Tort Claims Act and therefore makes a facial, rather than factual, attack on the complaint. ECF No. 7-1 at 10. "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013)).

ii. Federal Rule of Civil Procedure 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421. The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). The court need not accept legal conclusions "cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

b. The Complaint Fails to State a Claim for Negligence

"[I]n order to prove facts sufficient to support a finding of negligence, a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." Hayes v. County of San Diego, 57 Cal. 4th 622, 629 (Cal. 2013) (alteration in original) (citations omitted). Liability for negligent hiring or retention "will be imposed on an employer if it 'knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes.'" Phillips v. TLC Plumbing, Inc., 172 Cal. App. 4th 1133, 1139 (Cal. App. 2009) (quoting Doe v. Capital

6

1   Cities, 50 Cal. App. 4th 1038, 1054 (Cal. App. 1996)).

2       Plaintiff's conclusory allegations that defendant hired and retained incompetent medical personnel are insufficient to support a claim for negligent hiring or retention.  Plaintiff does not identify any specific medical providers that he claims should not have been hired or retained and, other than a general allegation of incompetence, he does not allege any facts that would demonstrate that the providers created a particular risk or hazard.  Even the second amended complaint, which includes additional details regarding the actions of medical staff, does not identify any specific individuals or identify any basis for finding that defendant knew or should have known that any particular employee created a risk of harm or that any harm occurred.

    Although plaintiff's lack of specificity could potentially be cured by amendment, for the reasons discussed below, the undersigned finds that any amendment would be futile and will dismiss the complaint without leave to amend.

    c.  Federal Tort Claims Act

    Although plaintiff in this case has sued an individual, the Receiver is an officer and agent of the United States District Court.  Plata, ECF No. 473 at 6.  Under the Federal Tort Claims Act (FTCA),

> [t]he remedy against the United States provided by [28 U.S.C. §§] 1346(b) and 2672 . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

28 U.S.C. § 2679(b)(1).  The FTCA governs "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  In other words, a state tort action against a federal employee acting within the scope of his employment must be brought against the United States if a private person could be held liable for the same type of conduct under California law.  As an agent of the court, defendant Kelso falls within the definition of an "employee of the

////

government."[1]  Defendant Kelso is therefore not a proper defendant.  However, because the complaint suffers from other defects that cannot be fixed, plaintiff will not be given an opportunity to amend the complaint to state a proper defendant.

A federal court does not have subject matter jurisdiction over a FTCA claim unless the plaintiff first presented the underlying tort claim to the "appropriate Federal agency" and the claim was "finally denied" by the agency.  28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 111-13 (1993) (holding that FTCA action filed before exhaustion was complete could not proceed in district court); Brady v. United States, 211 F.3d 499, 503 (9th Cir. 2000) (administrative exhaustion requirement in 28 U.S.C. § 2675(a) is jurisdictional).  "The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA and, as such, should be affirmatively alleged in the complaint.  A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite."  Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (internal citations omitted).

Plaintiff alleges that defendant Kelso has been negligent in supervising medical staff and in his hiring and retention decisions.  ECF No. 6 at 2, ¶¶ 7-11.  He has further made clear that his intent is to bring only state tort claims against defendant, not constitutional tort or federal law claims.[2,3]  ECF Nos. 8, 11.  The claims in the complaint therefore appear to fall within the scope of the FTCA.

The first amended complaint makes no mention of compliance with the FTCA (ECF No. 6) and plaintiff's opposition to the motion to dismiss states that he is exempt from compliance with the California Government Claims Act (ECF No. 10 at 1).  The second amended complaint filed by plaintiff also fails to remedy this defect as it states only that he filed a claim with the *state*

---

[1] "Employee of the government" is defined, in relevant part, as "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation . . . ."  28 U.S.C. § 2671.

[2] The FTCA does not apply to claims against a government employee for violations of the United States Constitution or federal statutes.  28 U.S.C. § 2679(b)(2).

[3] Even if plaintiff were attempting to bring constitutional tort or federal law claims, defendant would be entitled to quasi-judicial immunity as set forth in Section V.D.

claims office. ECF No. 13 at 1. Because plaintiff has failed to allege compliance with the FTCA, this court lacks jurisdiction over his claims and they must be dismissed. Although plaintiff might, in theory, be able to remedy this defect through amendment, his claims will be dismissed without leave to amend because they are also barred by the "discretionary function" exception to the FTCA.

The FTCA does not waive all immunity from suit, and its "principle such protection is the discretionary function exception to liability." Vickers v. United States, 228 F.3d 944, 949 (9th Cir. 2000). Under this exception, immunity is not waived for

> [a]ny claim based upon an act or omission of an employee of the Government . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680 (a). While the burden of proving the applicability of the discretionary function exception falls on the Government, the "'plaintiff must advance a claim that is facially outside the discretionary function exception in order to survive a motion to dismiss.'" Doe v. Holy See, 557 F.3d 1066, 1084 (9th Cir. 2009) (quoting Prescott v. United States, 973 F.2d 696, 702 & n.4 (9th Cir. 1992)). The discretionary function exclusion applies "if the challenged action meets two criteria: (1) it is 'discretionary in nature' or 'involve[s] an element of judgment or choice' and (2) 'the judgment is of the kind that the discretionary function exception was designed to shield.'" Id. at 1083-84 (alteration in original) (quoting United States v. Gaubert, 499 U.S. 315, 322 (1991).

The first amended complaint essentially makes a claim for negligent hiring, retention, and supervision, but plaintiff does not point to any policies that mandate specific action by defendant. ECF No. 6. The closest plaintiff comes to identifying a policy is by his reference to defendant's duties as the Receiver. Id. at 2, ¶¶ 6-8. However, while the order establishing the receivership sets forth that the receiver has "the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR," it does not mandate or specify how defendant is to carry out that duty. Plata, ECF Nos. 473, 1063. In other words, while defendant

9

1  may have a duty to supervise medical personnel, how he chooses to carry out that duty, and
2  whether and how he hires and retains medical personnel, is left to his discretion.

3  If, as in this case, "the conduct involves some element of choice, the court must determine
4  whether the conduct implements social, economic or political policy considerations." Nurse v.
5  United States, 226 F.3d 996, 1001 (9th Cir. 2000) (citing Gasho v. United States, 39 F.3d 1420,
6  1435 (9th Cir. 1994)). "[T]o be protected from suit, the challenged decision 'need not *actually* be
7  grounded in policy considerations' so long as it is, 'by its nature, susceptible to a policy
8  analysis.'" Id. (emphasis in original) (quoting Miller v. United States, 163 F.3d 591, 593 (9th
9  Cir. 1998)). The Ninth Circuit has held that "allegedly negligent and reckless employment,
10 supervision and training" of government employees "fall squarely within the discretionary
11 function exception." Id., 226 F.3d 996, 1001 (citations omitted). "[T]he hiring, supervision, and
12 training of employees [are] discretionary acts" and "the decision of whether and how to retain and
13 supervise an employee . . . [is] the type of discretionary judgment[] that the exclusion was
14 designed to protect." Holy See, 557 F.3d at 1084 (applying FTCA case law in interpreting the
15 Foreign Sovereign Immunities Act's similar discretionary function exclusion); see also Gager v.
16 United States, 149 F.3d 918, 921 (9th Cir. 1998) (decision to limit training and supervision in
17 mail bomb detection to certain locations grounded in social, economic, and public policy); United
18 States v. Varig Airlines, 467 U.S. 797, 819-20 (1984) (agency decision on extent of supervision it
19 will provide protected by discretionary function exclusion); Balser v. Dep't of Justice, 327 F.3d
20 903, 908 (9th Cir. 2003) (allegations that trustee was negligent "in his general duties of selecting,
21 monitoring, and investigating the examiner" were "[a]s a matter of law . . . quintessentially acts of
22 discretion within the meaning of the FTCA discretionary function exception.").

23 Because plaintiff's allegations of negligent supervision, hiring, and retention fall within
24 the FTCA's discretionary function exception, the court does not have jurisdiction and the
25 complaint must be dismissed without leave to amend.

26     d.  Quasi-Judicial Immunity

27 Defendant also moves for dismissal of the complaint on the ground that he is entitled to
28 quasi-judicial immunity. ECF No. 7-1 at 13-17. "Absolute judicial immunity is not reserved

solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (quoting Burns v. Reed, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)). "Judicial or quasi-judicial immunity is not available only to those who adjudicate disputes in an adversarial setting. Rather, the immunity is extended in appropriate circumstances to non jurists 'who perform functions closely associated with the judicial process.'" Id. at 948 (quoting Cleavinger v. Saxner, 474 U.S. 193, 200 (1985)). "Under federal law, court-appointed 'receivers are court officers who share the immunity awarded to judges.'" Alta Gold Mining Co. v. Aero-Nautical Leasing Corp., No. 14-16102, 2016 WL 3997265, at *1, 2016 U.S. App. LEXIS 13596, at *3 (9th Cir. July 26, 2016) (quoting New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1303 (9th Cir. 1989)).

"[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (internal citations omitted). In this case, plaintiff challenges defendant's actions in his role as Receiver. Thus defendant is entitled to immunity unless his actions were taken in the complete absence of all jurisdiction. Plaintiff alleges that defendant's negligence in supervision, hiring, and retention have led to him receiving deficient medical care. These alleged actions are squarely within the realm of defendant's jurisdiction, as defendant was specifically given authority over personnel decisions and policies and the purpose of his appointment was to restructure the CDCR's medical system to provide constitutionally adequate medical care. Plata, ECF No. 473 at 2, 4. Defendant's alleged negligence in carrying out his duties is not sufficient to overcome his immunity. See Mireles, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice").

////

////

////

Plaintiff argues that defendant is not entitled to quasi-judicial immunity because 28 U.S.C. § 959[4] permits a receiver to be sued. However, the fact that a receiver can be sued does not mean that defendant is not immune from suit in this instance. Plaintiff is correct that defendant's status as Receiver does not always entitle him to immunity. For instance, the Ninth Circuit previously held that defendant, in his capacity as Receiver for the CDCR's medical system, was not entitled to quasi-judicial immunity where the claim was that he had refused to provide payment for services performed under contract. Med. Dev. Int'l, 585 F.3d at 1219-21. However, that case is distinguishable because it involved an alleged breach of contract. Additionally, while the United States Supreme Court has found that judicial immunity does not apply to a judge's administrative hiring and firing decisions, Forrester v. White, 484 U.S. 219, 230 (1988) (judge not entitled to immunity for decisions to demote and discharge probation officer), the Ninth Circuit has distinguished such administrative decisions made by a judge from those made by a receiver operating a business, New Alaska Dev. Corp., 869 F.2d at 1303 n.6 ("A receiver operates a business only because the court has directed him to do so in connection with a case pending before the court. This situation is dramatically different from a judge's administrative hiring and firing decisions for subordinate court personnel, which have no connection to litigation pending before the court.").

Plaintiff's claims of negligent supervision, hiring, and retention are tort claims comparable to the mismanagement claims from which receivers and trustees have been found to be immune, id. at 1304 (receiver entitled to immunity for alleged negligent management of estate, but not for alleged slander and theft, which were outside his duties as receiver); see also Bennett v. Williams, 892 F.2d 822, 824 (9th Cir. 1989) (bankruptcy trustees immune from claims for mismanagement when acting within court authorization) (citing Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986); Sw. Media, Inc. v. Rau, 708 F.2d 419, 425 (9th Cir. 1983)), and other courts considering similar allegations against defendant have found him to be entitled to quasi-

---

[4] Section 959(a) states that receivers "may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property."

judicial immunity, Singletary v. Duffy, No. 2:15-cv-1231 KJN P, 2015 WL 4751164, at *3-4, 2015 U.S. Dist. LEXIS 106219, at *5-8 (E.D. Cal. Aug. 11, 2015); Doyle v. Cal. Dep't of Corr. and Rehab., No. 12-cv-2769 YGR, 2014 WL 5524452, at *4, 2014 U.S. Dist. LEXIS 155478, at *9-11 (N.D. Cal. Oct. 31, 2014); Pike v. Lee, No. 2:13-cv-05009-CAS-(AJWx), 2013 WL 4677673, at *3, 2013 U.S. Dist. LEXIS 125005, at *8-9 (C.D. Cal. Aug. 30, 2013).

For these reasons, the court finds that even if plaintiff's claims were not barred by the discretionary function exception to the FTCA, defendant would be entitled to quasi-judicial immunity and the complaint will be dismissed without leave to amend.

### VI. Motion for Preliminary Injunction

In light of the dismissal of plaintiff's complaint without leave to amend, plaintiff's motion for preliminary injunction is denied.

### VII. Summary

Plaintiff's motion to remand is denied because the claims are based on defendant's position as Receiver. Defendant's status as an officer of the court gives him the right to remove the complaint to federal court even if it makes only state-law claims.

The original complaint was replaced by the first amended complaint and plaintiff cannot file a second amended complaint without permission from the court or the agreement of defendant. Because plaintiff did not have permission to file a second amended complaint, and because the second amended complaint does not fix the problems with the first amended complaint, defendant's motion to strike is granted and plaintiff's motion to amend is denied. Defendant's motions to dismiss the original and second amended complaints are denied as moot. The court therefore looks at the first amended complaint and the motion to dismiss it.

Defendant's motion to dismiss the first amended complaint is granted because plaintiff did not show that he submitted a claim to the right federal agency, as required by the Federal Tort Claims Act, and because the claims are barred by the discretionary function exception. The discretionary function exception bars claims where the actions complained about involve choice and the choice has social, political, or economic policy implications. Claims about hiring, supervision, and retention are covered by the exception. The motion to dismiss is also granted

because defendant is entitled to quasi-judicial immunity.  Defendant was acting in his position as Receiver and his alleged actions were within the authority granted by the court and are the type of actions for which receivers are granted immunity.

Because the complaint is being dismissed without leave to amend, plaintiff's motion for preliminary injunction is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand the complaint to state court (ECF No. 11) is denied.

2. Defendant's motion to strike the second amended complaint (ECF No. 14) is granted and the Clerk of the Court shall strike the second amended complaint (ECF No. 13) from the record.

3. Defendant's motions to dismiss the original and second amended complaints (ECF Nos. 3, 16) are denied as moot.

4. Plaintiff's motion to amend (ECF No. 22) is denied.

5. Defendant's motion to dismiss the first amended complaint (ECF No. 7) is granted and the first amended complaint is dismissed with leave to amend.

6. Plaintiff's motion for preliminary injunction (ECF No. 17) is denied.

DATED: August 1, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE